UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SAUNDERS, on behalf of himself and all others similarly situated,

          Plaintiff,

-against-

HALF ISLAND FLAVORS LLC d/b/a SESHNYC,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/29/2024__

24 Civ. 5764 (AT)

**ORDER OF DISMISSAL**

ANALISA TORRES, District Judge:

      On July 30, 2024, Plaintiff, Michael Saunders, filed this action against Defendant, Half Island Flavors LLC. ECF No. 1. On August 8, 2024, the Court ordered the parties to submit a joint letter and proposed case management plan by September 30, 2024. ECF No. 6. On October 1, 2024, having received no submission from the parties, the Court again ordered them to submit their joint letter and proposed case management plan, this time by October 30, 2024. ECF No. 8. The Court also advised Plaintiff that failure to comply with the Court's orders may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* One month later, still having received no communication from the parties, the Court ordered Plaintiff to show cause, by November 25, 2024, why this action should not be dismissed for failure to prosecute. ECF No. 9. The Court has heard nothing from Plaintiff.

      Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal] [R]ules or a court order." The Court may do so *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss an action under Rule 41(b), the Court considers: (1) "the duration of plaintiff's failures or non-compliance," (2) "whether plaintiff had notice that such conduct would result in dismissal," (3) "whether prejudice to the defendant is likely to result," (4) "whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard," and (5) "whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive," and the Court must weigh all five considerations in determining whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the discretion of the district court. *Baffa*, 222 F.3d at 62.

      Here, all factors weigh in favor of dismissal. First, Plaintiff has not participated in this case for four months and has defied three court orders directing him to prosecute this action. *See* ECF Nos. 6, 8–9. Second, the Court warned Plaintiff on two occasions that failure to comply with the Court's orders could result in dismissal for failure to prosecute. ECF Nos. 8–9. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), and Plaintiff has provided no reason for his delay here. Finally, as to the fourth and fifth factors, Plaintiff is represented by counsel and

has been given multiple opportunities to participate in this action, and considering that Plaintiff has failed to respond to three court orders over several months, a sanction less than dismissal may be ineffective.

Accordingly, this action is DISMISSED with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 29, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge